UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE DAVID IVORY, | ) |
| | ) |
| Plaintiff, | )   Case No. 1:05-cv-425 |
| | ) |
| v. | )   Honorable Gordon J. Quist |
| | ) |
| KENNETH McKEE et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff currently is incarcerated in the Bellamy Creek Correctional Facility (IBC). In his pro se complaint, he sues Warden Kenneth McKee, Sergeant Ronnie Randle and Officers (unknown) Colorado and (unknown) Joehlin.

Plaintiff claims that on January 27, 2005, Officer Colorado intentionally denied him his breakfast and lunch meals. Plaintiff filed a grievance (IBC 05-01-455-17I) against Colorado the following day. In response to Plaintiff's grievance, Colorado claimed that he banged on Plaintiff's cell door with his breakfast tray, but Plaintiff was sleeping and did not get up. Colorado further stated that Plaintiff refused his lunch tray. Plaintiff maintains that the video footage from the camera outside his cell would refute Colorado's story. Sergeant Randle reported that the video tape showed Colorado passing out and picking up trays and "that there wasn't an incident of Colorado not feeding [Plaintiff]." Plaintiff contends that Defendant Randle lied about the contents of the tape to cover up Colorado's unconstitutional conduct. Plaintiff raised his claim against Randle in a grievance (IBC 05-02-638-25A) filed on February 9, 2005.

Plaintiff filed two additional grievances against Colorado following the incident. In one grievance (IBC 05-02-502-17A), Plaintiff claimed that while delivering food trays on February 2, 2005, Colorado called him a "girl" and a "bitch." Plaintiff asserted that Colorado's comments constituted sexual harassment and were made in retaliation for Plaintiff's previous grievance against him. In the other grievance (IBC 05-02-679-25B), Plaintiff alleged that while Colorado was delivering food trays on February 1, 2005, he greeted the prisoner in the next cell. He then turned to Plaintiff's cell and said, "I don't have much to say about you." After that, Colorado

closed the window flap in Plaintiff's cell door. About five seconds later, Colorado opened the window flap and the food slot and passed Plaintiff his food trays. Plaintiff construed Colorado's comment and the closing of his window flap as further harassment and retaliation for filing the January 28, 2005, grievance.

Plaintiff further claims that Officer Joehlin engaged in a conspiracy to retaliate against Plaintiff by bringing two false misconducts against him. Plaintiff filed a grievance (IBC 05-03-1148-27A) on March 20, 2005, claiming that Defendant Joehlin wrote a false misconduct against him on March 16. Joehlin alleged that Plaintiff threw a shampoo packet at her and then stated in a threatening tone, "Bend over and pick it up bitch." Plaintiff maintained that the misconduct charge was further retaliation for his previously filed grievances.

With regard to Defendant Kenneth McKee, Plaintiff alleges, "Warden McKee has never done anything except agree with the respondents, never looking into not [sic] one issue or sending anyone from his higher circle to look into either of my claims, even after my family sent him a memo of what was going on." Plaintiff raised his claim against Warden McKee in a grievance (IBC 05-02-684-28B) filed on February 11, 2005. Plaintiff appealed all of his grievances to Step III, though he did not receive timely Step III responses.[1]

For relief, Plaintiff seeks damages of two million dollars.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the

---

[1] The grievance process must be resolved within 90 days. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ U (effective 12/19/03). If a prisoner's Step III appeal is not answered within the ninety-day period, his available administrative remedies are considered exhausted. See 42 U.S.C. § 1997e(a) (a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies).

allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. **Warden McKee**

Plaintiff claims that Warden McKee failed to investigate his claims or to take any action to stop his mistreatment by staff. A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.*; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff fails to allege that Defendant McKee engaged in any active unconstitutional behavior. Accordingly, Plaintiff fails to state a claim against him.

### B. **Officer Colorado**

#### 1. Eighth Amendment

Plaintiff claims that Defendant Colorado intentionally deprived him of his breakfast and lunch meals on January 27, 2005. Plaintiff's claim implicates his Eighth Amendment right against cruel and unusual punishment. The Eighth Amendment imposes a constitutional limitation

on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'"  *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Rhodes*, 452 U.S. at 348.  "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey*, 832 F.2d at 954.

While a substantial deprivation of food may amount to a constitutional violation, the deprivation of two meals does not rise to the level of an Eighth Amendment violation.  *See Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999) (denial of a few meals over seven months did not state Eighth Amendment claim)*; Staten v. Terhune*, No. 01-17355, 2003 WL 21436162, at *1 (9th Cir. June 16, 2003) (district court properly dismissed prisoner action because his allegation that he was deprived of two meals is not sufficiently serious to form the basis of an Eighth Amendment claim); *Hughes v. Patino*, No. 90-1228, 1990 WL 161602, at *1 (6th Cir. Oct. 23, 1990) ("The denial of a meal is not so cruel or unusual as to run afoul of the eighth amendment regardless of fault."); *see also Cunningham v. Jones*, 667 F.2d 565 (6th Cir. 1982) (Prisoner's Eighth Amendment rights were not violated when he was served only one meal per day for fifteen consecutive days where the one meal furnished was sufficient to maintain normal health for the fifteen days).  Furthermore,

because Plaintiff fails to allege or show more than a de minimis physical injury, his Eighth Amendment claim for mental anguish is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Jennings v. Mitchell*, No. 03-1922, 2004 WL 504352, at *1 (6th Cir. March 12, 2004); *Adams v. Rockafellow*, No. 02-2118, 2003 WL 21259701, at *2 (6th Cir. May 28, 2003).

Plaintiff also raises two instances of alleged harassment and retaliation[2] by Colorado after Plaintiff filed the January 28, 2005 grievance. On one occasion, Colorado allegedly called Plaintiff a "girl" and a "bitch." On another occasion, Plaintiff claims that Colorado said, "I don't have much to say about you," and closed his window flap for five seconds. Plaintiff's allegations of harassment fall far short of stating an Eighth Amendment claim. Use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir.) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits), *cert. denied*, 125 S. Ct. 157 (2004); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim). Moreover, alleged sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth

---

[2]Plaintiff's claims of retaliation will be addressed below.

Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) (verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim). Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Colorado arising from his alleged verbal harassment.

### 2. Retaliation

As discussed above, Plaintiff claims that Colorado engaged in verbal harassment and closed his window flap for five seconds in retaliation for the grievance Plaintiff filed against him on January 28, 2005, for denying him his breakfast and lunch meals. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 *1037 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff satisfies the first requirement because the filing of a prison grievance is constitutionally-protected conduct for which a prisoner cannot be retaliated against. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). The adverseness inquiry is an objective one, and does not depend on how a particular plaintiff reacted. The relevant question is whether the

defendants' conduct is "*capable* of deterring a person of ordinary firmness;" the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002). While unprofessional, Officer Colorado's alleged conduct was not sufficiently serious to deter a person of ordinary firmness from filing future grievances. Colorado's comments were relatively mild, particularly within the confines of a prison. Likewise, closing Plaintiff's window flap for five seconds would not have a deterrent effect on an average person. Because Plaintiff cannot satisfy the second requirement, he fails to state a claim for retaliation against Defendant Colorado.

        C.     **Sergeant Randle**

Plaintiff asserts that Defendant Randle conspired with Colorado to violate his constitutional rights by lying about the contents of the video tape from January 27, 2005. Because the Court concluded above that Colorado did not violate Plaintiff's constitutional rights by depriving Plaintiff of two meals on January 27, 2005, he also fails to state a conspiracy claim against Sergeant Randle arising from the incident.

        D.     **Officer Joehlin**

Plaintiff further claims that Officer Joehlin engaged in a conspiracy to retaliate against him for filing grievances by bringing two false misconduct charges against him. Plaintiff filed a grievance (IBC 05-03-1148-27A) on March 20, 2005, claiming that Defendant Joehlin wrote a false misconduct against him on March 16. Joehlin alleged that Plaintiff threw a shampoo packet at her and then stated in a threatening tone, "Bend over and pick it up bitch." Plaintiff maintained that the misconduct charge was further retaliation for his previously filed grievances.

Plaintiff's claims that he was convicted of false, retaliatory misconducts written by Officer Joehlin are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme

Court has held that a claim for declaratory relief and monetary damages, based upon allegations of deceit and bias on the part of the decisionmaker that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The Court relied upon *Heck*, 512 U.S. at 486-87, which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges); *see also Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000) (prisoner's claim that his due process and Eighth Amendment rights were violated by false, retaliatory misconduct charges necessarily implies the invalidity of the guilty findings on the misconduct tickets).

In *Muhammad v. Close*, 124 S. Ct. 1303 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004), *cert. denied*, 125 S. Ct. 612 (2004). In other words, *Edwards* still applies where a plaintiff has lost good time as the result of the misconduct conviction. Under Michigan law, a prisoner loses good time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the

warden may order forfeiture of previously accumulated credits in cases. *Id.* Plaintiff does not assert that he did not forfeit good time credit for the months of his convictions. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Misconduct Report is received. MICH. COMP. LAWS § 791.254; Policy Directive 03.03.105, ¶ DDD. Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[3] Accordingly, because Plaintiff has not shown that his convictions have been invalidated, his claim is not presently cognizable. He therefore fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

---

[3] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  August 17, 2005                     /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE